UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA CORDERO,

    Plaintiff,

v.                                                       Case No: 8:08-cv-127-T-30MAP

RED GROUPER, INC., a Florida corporation
d/b/a BELLA HABANA, WALTER
GRANDA, and BARBARA GIL a/k/a
BARBARA GRANDA,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court on Plaintiff's motion to permit discovery limited to the issue of enterprise coverage (doc. 12). In her complaint, Plaintiff asserts claims for overtime wages and unpaid minimum wages pursuant to the Fair Labor Standards Act ("FLSA") (doc. 1). In response, Defendants filed a motion to dismiss for lack of jurisdiction (doc. 8). Defendants allege that Red Grouper, Inc., d/b/a Bella Habana ("Bella Habana") is not an "enterprise engaged in commerce"[1] because the restaurant does less than $500,000 in business. Plaintiff now seeks to conduct "limited" discovery to determine whether Bella Habana meets the monetary requirements for an "enterprise engaged in commerce." Plaintiff requests copies of all banking

---

[1] 29 U.S.C. § 203(s)(1)(A) defines an "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that

    (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

    (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)

records for all bank accounts of Defendants for years 2005, 2006 and 2007 as well as all documents, contracts, daily receipts, daily journals, papers, tax returns, invoices, memoranda, or any other written or electronically stored materials referencing revenues, income, sales, retail volume, gross receipts, net receipts, net revenues, business volume, and business value for Bella Habana or Red Grouper for the period from April 9, 2004 though 2007 (doc. 12). However, after consideration, the Court finds that Plaintiff should not be allowed to conduct discovery regarding the issue of enterprise coverage.

Recent decisions by district courts in this circuit, and particularly in this district, have held that an enterprise's total gross volume sales or business done may be determined from its tax returns. *Stout v. St. Amour's Lawn Care, LLC*, 2008 WL 816818 *2 (M.D. Fla. 2008); *Thompson v. Robinson*, 2007 WL 2714091 *4 (M.D. Fla. 2007); *See Lopez v. Top Chef Investment, Inc.*, 2007 WL 4247646 * 3 (S.D. Fla. 2007)(rejecting Plaintiff's conclusory assertions that Defendants had understated their income on their federal tax returns and accepting the gross income figure on Defendants' federal tax return in considering whether enterprise coverage existed). Defendants filed Bella Habana's 1120S Income Tax Return Forms for 2006 and 2007 reflecting the gross receipts or sales and the gross income earned by the restaurant with its motion to dismiss (doc. 8, Exh 1, Exh A and B). These forms reflect that Bella Habana earned $105,289 in gross receipts or sales in 2006 and $68,746 in gross receipts or sales in 2007 (Id.). Therefore, Plaintiff need conduct no further discovery to determine the gross volume of sales or business done by Bella Habana. Accordingly, it is hereby

ORDERED:

1.  Plaintiff's motion (doc. 12) is DENIED.

DONE and ORDERED at Tampa, Florida on April 17, 2008.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record